**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
JONATHAN STEINSAPIR (SBN 226281)
jsteinsapir@khiks.com
ASHLEE DIFUNTORUM (SBN 322610)
adifuntorum@khiks.com
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiff Samuel Elliot Roman p/k/a RØMANS

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL ELLIOT ROMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation; ANIMATED PRODUCTIONS, INC., d/b/a PARAMOUNT ANIMATION, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-CV-00992<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. SECONDARY COPYRIGHT INFRINGEMENT;**<br>**3. FRAUD; and**<br>**4. NEGLIGENT MISREPRESENTATION**<br><br>**DEMAND FOR JURY TRIAL** |

For his Complaint against Paramount Pictures Corporation ("Paramount Pictures"), Animated Productions, Inc., d/b/a Paramount Animation ("Paramount Animation"), and Does 1 through 10 inclusive (collectively, "Defendants" or "Paramount"), Plaintiff Samuel Elliot Roman, professionally known as RØMANS ("Plaintiff" or "RØMANS") alleges as follows:

**INTRODUCTION**

1. Like other major motion picture studios, Paramount aggressively protects its intellectual property. Paramount spends tens-of-millions of dollars a year doing so by, for example, lobbying Congress and other domestic and international officials to strengthen and clarify copyright and trademark protection; and by pursuing alleged infringers of its intellectual property in court and elsewhere. As this case shows, however, Paramount's attitude with respect to *others'* copyrights—at least for the work of freelancers like Plaintiff who do not have a multi-billion-dollar war chest to protect their property—can be summed up as: "Do as I say, not as I do."

2. Plaintiff Samuel Elliot Roman, professionally known as RØMANS, is a Grammy-nominated singer, songwriter, recording artist, and record producer. He has written and produced songs for artists such as Lewis Capaldi, Ed Sheeran, Camila Cabello, Demi Lovato, Maroon 5, Alicia Keys, John Legend, and Calvin Harris. Over a dozen songs Plaintiff has written or co-written in the last several years have been certified as Gold or higher—including several Platinum and multi-Platinum songs along with a Diamond certification, reserved for songs with over 10 million sales.

3. In 2018, Lewis Capaldi released his recording of "Someone You Loved," co-written by Plaintiff. "Someone You Loved" went on to be certified as Diamond in several countries and is one of the biggest hits of all time. In August 2025, it became only the fourth track in history to reach 4 billion streams worldwide

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

on Spotify; and its video has over 1.2 billion views on YouTube. It is widely-considered to be the most streamed ballad of all time across all platforms.

4. In late 2022, Paramount approached Plaintiff about potentially writing and producing a song to be prominently featured in its upcoming animated motion picture "Smurfs" (or "the Film"). Paramount's pitch was based on its representations that the song—eventually entitled "Anyone"—would be performed by one of the world's best-selling recording artists, Rihanna, whose return to commercial music is highly anticipated after a prolonged absence, making any new release by her likely to generate extraordinary attention and commercial impact. Paramount stressed that Rihanna's recording of the song, to be produced by Plaintiff, would be featured in the Film, included on the soundtrack album, and released as a single. Paramount also represented that it would give the song a full marketing campaign, promoting it across all major platforms and U.S. and international radio and streaming channels. Paramount also stated that it would push to get the song nominated for an Academy Award. Paramount explained that the Film would be marketed as featuring new Rihanna tracks.

5. These representations were significant. To state the obvious, big-name performers significantly drive the commercial value of songs and recordings, generating revenue through streaming, downloads, licensing, and other exploitation. Performance of a song by such artists creates substantial upside for songwriters and producers, both in immediate compensation and in long-term royalties. Writing and producing just one hit for an artist like Rihanna can yield economic benefits for decades. Moreover, songs that are eligible for prestigious awards like Grammys or Oscars further enhance a song's profile, increasing visibility, marketability, and potential financial return.

6. Based on Paramount's representations, Plaintiff spent the next two and a half years writing, producing, and perfecting "Anyone," along with another track called "Always on the Outside," performed by James Corden and written and

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

produced by Plaintiff (collectively, these compositions and recordings are referred to as "the Copyrighted Works").

7. Throughout Plaintiff's work and dealings with Paramount, it was always understood by all parties that a written agreement—most likely in the form of a written license for the songs and a work-for-hire agreement for the recordings—was necessary before Paramount could use any of Plaintiff's works in the Film.

8. Negotiations for written licenses and work-for-hire agreements were always based on a compensation model whereby "Anyone," the track performed by Rihanna, would be released on the Film's soundtrack and that Paramount would heavily promote the track and soundtrack as featuring this new recording from Rihanna. In other words, the economic model was always based on smaller upfront payments in favor of significant backend royalties.

9. Paramount, however, stalled for years in getting the deals signed. Three weeks before the Film was released, with time running out on getting a deal done that would *both* properly permit Paramount to use the songs and recordings in the Film *and* would compensate Plaintiff for his work, negotiations completely halted when Plaintiff learned for the first time that Paramount did not intend to commercially release "Anyone" at all.

10. This about-face eliminated the anticipated streams, downloads, licensing opportunities, and other revenue that were central to the previously contemplated compensation framework. It also effectively prevented the song from being eligible for awards consideration, thereby removing a key component of its market profile and visibility. Without a commercial release, the substantial upside associated with a high-profile artist performing the song—including, most notably, long-term royalties—would not be realized, fundamentally altering the value of the earlier-proposed terms. As noted above, royalties can be extremely significant for songwriters. Indeed, "Someone You Loved" has already generated *tens of millions of dollars* for its songwriters. By effectively removing the royalty component of the

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

framework being discussed, Paramount had *fundamentally devalued* its prior license and work-for-hire offers (none of which had been accepted or finalized).

11. Because of this, Plaintiff requests that Paramount include *significantly* increased additional upfront compensation if it still wanted to use the Copyrighted Works in "Smurfs." But Paramount ignored Plaintiff's requests. Astoundingly, Paramount just went ahead and released the Film in Europe and the United States in the Summer of 2025, using the Copyrighted Works in key scenes in the Film without any license or permission whatsoever from Plaintiff.

12. Paramount knew full well that it had no right to use Plaintiff's intellectual property in this way. Indeed, Paramount credits Plaintiff as the songwriter and producer of both tracks. Yet Paramount has still obtained no license or other permission whatsoever from Plaintiff for the use of his Copyrighted Works, either by him or anyone else authorized to do so.[1]

13. Paramount has still not paid Plaintiff a dime for using either the compositions or recordings of "Always on the Outside" and "Anyone," despite the fact that Paramount has exploited and sublicensed the works throughout the world on hundreds of thousands of occasions and has credited Plaintiff as a songwriter and the sole producer of both tracks.

14. At no time did Plaintiff consent in any way—expressly or impliedly—to Paramount releasing the songs and recordings without a written agreement, *much less* releasing them without paying Plaintiff a dime.

15. When confronted after the release of the Film about its use of the Copyrighted Works without Plaintiff's agreement or consent—*and without paying*

---

[1] "Anyone" was co-written with another writer (Maya Kurchner), but she did not license the song to Paramount either. Plaintiff is the sole producer of the sound recording of "Anyone" and thus owns the copyright in the recording; and Plaintiff is the sole songwriter and sole producer of "Always on the Outside" and thus solely owns the copyright in both the composition and recording.

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

*him anything*—Paramount took the tack common to a toddler confronted with wrongdoing: Blame someone else. In this case, blame Rihanna. Specifically, Paramount's Vice President of Legal Affairs "explained" that the studio was very frustrated by the money it had supposedly spent on Rihanna's participation in the Film but Paramount felt that it had not gotten an appropriate return from her. Because of that, the studio was *not willing to pay Plaintiff for his work* writing and producing songs and recordings before using them without his permission in the Film. In other words, Paramount decided to punish Plaintiff—and brazenly infringe his copyrights by using them without consent and without paying him a dime—because the studio was mad at Rihanna.

16. Through this action, Plaintiff seeks to hold Paramount to the same standard it holds others to. Paramount needs to pay Plaintiff for the use of the Copyrighted Works and for Paramount's other wrongdoing; and to cease all further infringements of Plaintiff's rights.

## JURISDICTION AND VENUE

17. This is a civil action arising under the Copyright Laws of the United States. This Court therefore has original and exclusive jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal copyright claims that they form part of the same case or controversy under Article III of the United States Constitution.

18. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1390, et seq., including § 1400(a) and § 1391(b)(2).

## THE PARTIES

19. Plaintiff Samuel Elliot Roman, p/k/a RØMANS ("Plaintiff" or "RØMANS"), is a singer, songwriter, and record producer. Plaintiff is, and at all times relevant to this Complaint was, a citizen of the United Kingdom. Plaintiff is the co-owner of the copyright in the musical composition "Anyone"; the sole owner

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

of the copyright in the sound recording of "Anyone"; the sole owner of the copyright in the musical composition "Always on the Outside"; and the sole owner of the copyright in the sound recording in "Always on the Outside" (collectively, "the Copyrighted Works"). The Copyrighted Works have been registered with the United States Copyright Office as further alleged below.

20. On information and belief, Defendant Paramount Pictures Corporation ("Paramount Pictures") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California. It is therefore a citizen of both Delaware and California. On information and belief, Paramount Pictures is ultimately responsible for the release of "Smurfs."

21. On information and belief, Defendant Animated Productions, Inc., d/b/a Paramount Animation ("Paramount Animation"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California. It is therefore a citizen of both Delaware and California. On information and belief, Paramount Animation is the production company that directly released "Smurfs" in the United States and throughout the world.

22. Plaintiff is presently unaware of the true names and capacities of defendants sued as Does 1 through 10 ("the DOE Defendants"), and therefore sues these DOE Defendants by fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the DOE Defendants when and if they are discovered.

23. On information and belief, at all relevant times, Defendants Paramount Pictures, Paramount Animation, and the DOE Defendants (collectively, "Defendants" or "Paramount"), and each of them, conspired with each other in doing all that is alleged herein, making the actions of any Defendant attributable to all Defendants. Plaintiff is informed and believes and on that basis alleges that at all relevant times, Defendants, and each of them, were agents, representatives, partners, alter egos, and/or employees of one another and, in doing the things alleged in this

Complaint, were acting in concert and within the course and scope of such agency, partnership, and/or employment and with the knowledge and consent of each other.

**ALLEGATIONS COMMON TO ALL CLAIMS**

24. Plaintiff is a Grammy-nominated singer, songwriter, recording artist, and record producer who rose to prominence over a decade ago after signing with Roc Nation. He has written and produced songs for artists such as Lewis Capaldi, Ed Sheeran, Camila Cabello, Demi Lovato, Maroon 5, Alicia Keys, John Legend, and Calvin Harris. Over a dozen songs Plaintiff has written or co-written in the last several years have been certified as Gold or more (including several Platinum and multi-Platinum and one Diamond) by the RIAA, BPI, and ARIA.

25. In 2022, and based on Plaintiff's unique talent and success as a songwriter and producer of ballads among other genres, Paramount approached Plaintiff to write and produce music for its motion picture, "Smurfs" (sometimes, "the Film"). The key part of Paramount's pitch was that one of the songs would be performed by Rihanna in a key scene in the Film. Rihanna's return to commercial music is highly anticipated after a prolonged absence. Paramount stressed that Rihanna's recording of the song would be included on the soundtrack album for the Film and that it would be released as a single and pushed by the studio onto all major platforms including U.S. and domestic radio and streaming channels; and that Paramount would give the song a full marketing campaign including marketing it for an Academy Award.

26. For context, studios typically hire working songwriters and session singers rather than accomplished recording artists like Rihanna and accomplished songwriters and producers of popular music like Plaintiff. These session writers and singers work regularly in film, television, and advertising to create songs for a film. Occasionally, studios will pitch big-name recording artists like Rihanna and songwriters like Plaintiff to sing or write a song for a high-profile film where the

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

song is intended to be a marketing hook and be commercially released. This was one of those occasions.

27. During a call in or around December 2022, Paramount's then-Senior Vice President of Film Music, Areli Quirarte, and Paramount's Music Supervisor, Karyn Rachtman, pitched Plaintiff to write a song for a key scene in "Smurfs" and said that the song would be performed by Rihanna. During this call, Quirarte and Rachtman said that the song would be included on the soundtrack album for the film, that it would be released as a single and pushed on all major radio and streaming platforms, and that Paramount would give it a full marketing campaign (including marketing it for an Academy Award).

28. Paramount's representations were significant. Big-name performers significantly drive the commercial value of songs and recordings, generating revenue through streaming, downloads, licensing, and other exploitation.

29. In reliance on Paramount's representations, which were repeated on numerous occasions by Paramount over the next two and a half years, Plaintiffs spent a significant amount of time over two and a half years working on the song to be recorded by Rihanna, eventually called "Anyone."

30. While Plaintiff was working on "Anyone," Paramount asked Plaintiff to write and produce another song—titled "Always on the Outside"—to be included in the Film. Plaintiff is the sole writer of the composition "Always on the Outside" and the sole producer of its recording, with vocals performed by James Corden, used in the motion picture. Plaintiff never would have agreed to write and produce "Always on the Outside" but for the misrepresentations made by Paramount regarding "Anyone." Plaintiff essentially saw this second track as a smaller part of the larger project, which he agreed to join based on Paramount's prior representations.

31. Negotiations for licensing of the songs and recordings, and/or work-for-hire agreements, were always based on an economic framework where

"Anyone" would be released on the Film's soundtrack and as a single and given a full scale marketing push across all platforms as a new Rihanna track. At no time did Plaintiff authorize Paramount to use any of the Copyrighted Works without finalizing a written agreement on the terms of a license or work-for-hire agreement.

32. Paramount, however, continuously stalled and delayed finalizing an agreement on the terms for a license and/or work-for-hire agreement relating to use of the Copyrighted Works.

33. Just weeks before the release of the Film, negotiations completely halted when Plaintiff learned for the first time that Paramount did not intend to commercially release "Anyone" at all. Apparently, "Anyone" would still be used in the Film but it would not be available commercially.

34. This about-face eliminated the anticipated streams, downloads, licensing opportunities, and other revenue that were *central* to the previously contemplated compensation framework. It also effectively prevented the song from being eligible for awards consideration, thereby removing a key component of its market profile and visibility. Without a commercial release, the substantial upside associated with a high-profile artist performing the song—including both immediate compensation and long-term royalties—would not be realized, fundamentally altering the value of the earlier-proposed terms.

35. Because Plaintiff learned that Paramount's prior representations about "Anyone" turned out to be false, Plaintiff demanded that Paramount include significant additional upfront compensation for use of the Copyrighted Works in "Smurfs." Paramount ignored Plaintiff's demands. Astoundingly, it just went ahead and released Smurfs in Brussels on June 28, 2025 and in the United States on July 18, 2025, using the Copyrighted Works in key scenes in the Film.

36. Without license or authorization, Paramount included the Copyrighted Works in the Film. Paramount knew full well that it had no right to use Plaintiff's intellectual property in this way. Although "Anyone" was not released on the

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

soundtrack or otherwise, Paramount did include "Always on the Outside" on the Film's soundtrack. The soundtrack credits Plaintiff as the sole songwriter and producer of the recording. And on information and belief, the Film's credits also credit Plaintiff as a songwriter and the sole producer of "Anyone"; and as sole songwriter and producer of "Always on the Outside."

37. Despite these credits, Paramount has still not obtained any license or other permission from Plaintiff for the use of his Copyrighted Works.

38. Despite these credits, Paramount has still not paid Plaintiff even a penny for its widespread uses of "Always on the Outside" and "Anyone."

39. After Paramount's release of the Film, Plaintiff reiterated his insistence that Paramount pay him appropriate compensation for his songwriting of the compositions and production of the master recordings now that Paramount had gone ahead and used the compositions and recordings in the Film.

40. Paramount refused and pointed its finger at Rihanna, outlandishly blaming *her* for *Paramount's* misrepresentations and willful infringements. But as Plaintiff explained to Paramount, Plaintiff has no issue with Rihanna. His issue is squarely with Paramount, who induced him to pour years of work into writing and producing works based on Paramount's false representations that the works would be commercially released only to disclose the truth at the last minute, without offering Plaintiff appropriate compensation, and then including the Copyrighted Works in the Film without license or authorization and without paying Plaintiff a penny.

41. During a call on or about September 29, 2025 between Plaintiff's manager and Plaintiff's attorney, on the one hand, and Paramount's Vice President of Legal Affairs, on the other, Paramount told Plaintiff's representatives that Paramount was standing firm and that Plaintiff's only choices were to: (1) accept Paramount's initial offer based on an economic model that no longer existed (i.e., a model where the song and recording Plaintiff wrote and produced performed by

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

Rihanna would be commercially released and heavily promoted by Paramount); or (2) file the instant lawsuit. Unwilling to be bullied by Paramount, Plaintiff chose the latter course.

42. During the call, Paramount continued to blame Rihanna and essentially told Plaintiff that Paramount was punishing Plaintiff as a result of Paramount's frustrations with Rihanna. Paramount explained that Rihanna had supposedly required Paramount to waste a lot of money and go over budget on the movie. Because of that, Paramount explained, Plaintiff was just out of luck and Paramount felt entitled to just go ahead and use Plaintiff's music and recordings without license or authorization.

43. To this day, Paramount continues to use Plaintiff's Copyrighted Works without license or authorization and without paying Plaintiff.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement – Against All Defendants

44. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

45. Plaintiff is the co-author and co-owner of the copyright in the musical composition in "Anyone"; the sole owner of the copyright in the sound recording copyright in "Anyone"; the sole owner of the copyright in the musical composition in "Always on the Outside"; and the sole owner of the copyright in the sound recording copyright in "Always on the Outside" (collectively, "the Copyrighted Works").

46. The Copyrighted Works have been registered by Plaintiff with the United States Copyright Office as follows: (1) the musical composition for "Anyone" is at Registration No. PAu 4-279-592, and its effective date of registration is October 16, 2025; (2) the sound recording for "Anyone" is at Registration No. SRu 1-620-058, and its effective date of registration is October 16, 2025; (3) the musical composition copyright for "Always on the Outside" is at Registration No.

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

PAu 4-279-593, and its effective date of registration is October 16, 2025; and (4) the sound recording for "Always on the Outside" is at Registration No. SRu 1-620-057, and its effective date of registration is October 16, 2025.

47. The Copyrighted Works are registered as "unpublished" because Paramount's "publication" of the works was without Plaintiff's authority (or any other relevant person's authority) and thus the works have not been "published" for purposes of the Copyright Act. In that regard, Paramount's infringement here was exceptionally egregious in that it deprived Plaintiff of the right of first publication, an important and valuable right of an author and copyright owner.

48. Defendants used and continue to use the Copyrighted Works without consent or license from Plaintiff (or from the other co-author/co-owner in the case of the composition for "Anyone").

49. As a result of Defendants' acts and omissions as described above, Plaintiff has suffered damages and will continue to suffer damages in an amount that is presently unknown.

50. Defendants' infringement entitles Plaintiff to recover his actual damages and Defendants' profits attributable to the infringement.

51. Defendants' continuing infringement is willful.

52. Defendants' infringement of the above copyrighted works has caused and will continue to cause irreparable harm to Plaintiff that cannot be fully remedied at law. As a result, Plaintiff is entitled to appropriate preliminary and permanent injunctive relief prohibiting Defendants from further unauthorized use of the copyrighted works.

## SECOND CLAIM FOR RELIEF

### Secondary Copyright Infringement – Against All Defendants

53. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

54. As a result of Defendants' wrongful acts and omissions as alleged above, numerous other parties have infringed Plaintiff's copyrights. By way of example only,

a. Movie theaters, movie streaming services, and DVD, Blu Ray, and other similar media manufacturers and distributors have all infringed Plaintiff's copyrights by exhibiting, distributing and/or copying the Film, and/or portions thereof, which uses the Copyrighted Works without license.

b. Music streaming services, such as Apple Music, Spotify, YouTube Music and the like, and CD and other similar media manufacturers and distributors have all infringed Plaintiff's copyrights by distributing and performing the soundtrack for the film, which includes both the composition and sound recording for "Always on the Outside", without Plaintiff's license or consent.

c. Other unknown parties have distributed the composition and sound recording for "Anyone" on the internet and elsewhere and made them available for viewing and performance on the internet and elsewhere, including on YouTube, all without Plaintiff's license or consent.

55. On information and belief, Defendants have knowingly induced, caused, and/or materially contributed to the infringing activity of these other parties; and they are accordingly liable for such infringements under the doctrine of contributory infringement.

56. On information and belief, in addition, and/or in the alternative, Defendants have and had the ability to control the infringing conduct of these other parties and Defendants directly benefit financially from the infringing conduct. Defendants are therefore vicariously liable for such infringements.

57. As a result of Defendants' acts and omissions as described above, Plaintiff has suffered damages and will continue to suffer damages in an amount that is presently unknown.

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

58. Defendants' continuing secondary infringement entitles Plaintiff to recover Plaintiffs' actual damages and Defendants' and these other parties' profits attributable to the infringements.

59. Defendants' continuing secondary infringements are willful.

60. Defendants' secondary infringement of the Copyrighted Works has caused and will continue to cause irreparable harm to Plaintiff that cannot be fully remedied at law. As a result, Plaintiff is entitled to appropriate preliminary and permanent injunctive relief prohibiting Defendants from further unauthorized use of the Copyrighted Works.

## THIRD CLAIM FOR RELIEF

### Fraud/Intentional Misrepresentation – Against All Defendants

61. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

62. As further alleged above, Defendants represented to Plaintiff that "Anyone" would be included on the soundtrack album for *Smurfs*, that it would be released as a single, that it would be promoted in all major channels (including major streaming and radio channels), and that Defendants would give it a full marketing campaign (including marketing it for an Academy Award).

63. The above representations were false.

64. Defendants knew the representations were false when they made them, or, at a minimum, Defendants made the representations recklessly and with a reckless disregard for their truth.

65. Defendants intended that Plaintiff rely on the representations.

66. Plaintiff did in fact rely on the representations, and such reliance was reasonable.

67. Plaintiff was harmed, and Plaintiff's reliance on Defendants' representations was a substantial factor in causing Plaintiff's harm.

68. Defendants' conduct and statements were made with malice, fraud, and/or oppression. In addition and in the alternative, Defendants' conduct further constitutes intentional deceit made in disregard for Plaintiff's rights. Plaintiff is accordingly entitled to exemplary and punitive damages in the maximum amount permissible so that Defendants and the public can be specifically and generally deterred from engaging in further similar misconduct and so that Defendants are made an example of in the community.

## FOURTH CLAIM FOR RELIEF

### Negligent Misrepresentation – Against All Defendants

69. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

70. As further alleged above, Defendants represented to Plaintiff that "Anyone" would be included on the soundtrack album for *Smurfs*, that it would be released as a single, that it would be promoted in all major channels (including major streaming and radio channels), and that Defendants would give it a full marketing campaign (including marketing it for an Academy Award). But such representations were not true.

71. Even if Defendants honestly believed the representations were true, Defendants had no reasonable grounds for believing the representations were true when Defendants made them.

72. Defendants intended that Plaintiff rely on the representations.

73. Plaintiff did in fact rely on the representations, and such reliance was reasonable.

74. Plaintiff was harmed, and Plaintiff's reliance on Defendants' representations was a substantial factor in causing Plaintiff's harm.

75. Defendants' conduct and statements were grossly negligent and made with malice, fraud, and/or oppression. In addition and in the alternative, Defendants' conduct is akin to intentional deceit made in disregard for Plaintiff's rights. Plaintiff

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

is accordingly entitled to exemplary and punitive damages in the maximum amount permissible so that Defendants and the public can be deterred from engaging further in such misconduct and so that Defendants are made an example of in the community.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. For actual and compensatory damages according to proof at trial;

B. For all profits attributable to Defendants' infringement of the Copyrighted Works, and/or for statutory damages, if available, including enhanced statutory damages for Defendants' willful infringement of the Copyrighted Works;

C. For a declaration that Defendants have infringed the Copyrighted Works, and that such infringements were willful and intentional;

D. For special, consequential, and incidental damages resulting from Plaintiff's reasonable and foreseeable reliance on Defendants' fraudulent and/or negligent misrepresentations;

E. For punitive and exemplary damages to the maximum extent permitted by law for Defendants' misrepresentations and other tortious conduct;

F. For restitution and quantum meruit damages, including the reasonable value of services rendered and benefits conferred by Plaintiff upon Defendants for which Plaintiff has not been compensated;

G. For pre-judgment and post-judgment interest at the maximum rate permitted by law;

H. For Plaintiff's attorneys' fees and costs;

I. For injunctive relief, including preliminary and permanent injunctions, prohibiting Defendants from further infringing the Copyrighted Works;

J. For an order requiring the impoundment and/or destruction of infringing materials; and

K. For such other and further relief as the Court may deem just and proper.

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

DATED: January 30, 2026

Respectfully Submitted

**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**

By: [signature]

Jonathan Steinsapir
Ashlee Difuntorum
Attorneys for Plaintiff Samuel Elliot Roman p/k/a RØMANS

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States, Federal Rule of Civil Procedure 38, and all other applicable law, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: January 30, 2026

Respectfully Submitted

**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**

By: Jonathan Steinsapir

Jonathan Steinsapir
Ashlee Difuntorum
Attorneys for Plaintiff Samuel Elliot Roman p/k/a RØMANS

KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 WILSHIRE BOULEVARD, SUITE 750
LOS ANGELES, CALIFORNIA 90025
TEL 310.566.9800 • FAX 310.566.9850